UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MO FOODS, LLC, a limited liability company; MANISH PATEL, an individual; TMPM, LLC, a limited liability company; PRADIP PATEL, an individual, NEHA PATEL, an individual; SEAN CANILOA, an individual; RUBEN MORALES; an individual; WAYNE PERARANDA; an individual; DEBORAH PENARANDA; an individual; and PATRICK PENARANDA; an individual,<br><br>　　　　Defendants. | No.　2:13-cv-01387-GEB-EFB<br><br>**ORDER DENYING STAY MOTIONS** |

　　　　Defendants Wayne, Deborah, and Patrick Penaranda ("the Penaranda Defendants") and Defendants Mo Foods, LLC and Manish Patel move for an order staying this declaratory judgment action based on a lawsuit pending in "the Superior Court of the State of California, County of El Dorado, entitled <u>Wayne Pernaranda, et al., Plaintiffs v. Mo's Place, Inc., et al.,</u> Case No. SC20130043." (Mot. to Stay 20:3-4, 3:8-9, ECF No. 48.) Defendants argue the state-court lawsuit should be resolved before this

1

federal action proceeds to judgment. Plaintiff Century Surety Company ("Century Surety") opposes the motion.

### I.    BACKGROUND

The factual context concerning the motion follows. The Penaranda Defendants allege in their state-court lawsuit that on the evening of May 19, 2012, an altercation occurred at a bar operated by Mo Foods, LLC during which brothers Patrick and Derek Penaranda suffered injuries. (Pl.'s Opp'n, Decl. of H. Douglas Galt Ex. 1, First Amend. Compl. ("FAC") ¶¶ 4, 28-43, ECF No. 57-1.) The Penaranda Defendants allege Derek Penaranda died five months later as a result of the injuries he sustained. (Id. ¶ 49.) The Penaranda Defendants allege in their state lawsuit against Mo Foods and other defendants claims of assault, battery, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent hiring/supervision, and wrongful death.

When the altercation occurred, Mo Foods, LLC was insured under a Century Surety general liability policy that excludes from coverage any

> 'bodily injury' . . . or 'personal . . . injury' arising out of or resulting from:
> (a) any actual, threatened or <u>alleged assault or battery</u>;
> (b) the failure of any insured or anyone else for whom an insured is or could be held legally liable to prevent or suppress any assault or battery;
> . . .
> (e) the negligent:
>     (i)   employment;
>     (ii)  investigation;
>     (iii) supervision;
>     (iv)  training;
>     (v)   retention;
> of a person for whom any insured is or ever was legally responsible and whose

2

```
                    conduct would be excluded by [](a), (b),
                    . . . or (e) above.
              (f)   any other cause of action or claim
                    arising out of or as a result of [](a),
                    (b), or . . . (e) above.
```

(Compl. ¶ 19.1 (emphasis added).)

Century Surety "assumed [Mo Foods'] defense [in the state lawsuit] while reserving the right to dispute coverage." (Id. ¶ 20.) In this federal action Century Surety seeks reimbursement of hitherto incurred defense expenses and declaratory relief that Century Surety "has no obligation . . . to defend" and "no obligation . . . to pay any judgment that might be entered in the [Penaranda Defendants' state-court] [l]iability [a]ction." (Id. 6:27-28, 7:2-3.)

## II.   DISCUSSION

### a. Brillhart Stay Request

The Penaranda Defendants seek a stay of this federal lawsuit under Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), arguing this declaratory judgment action requires needless determination of state-law issues, is the product of forum shopping, and shares factual questions with their state-court liability lawsuit. Century Surety counters that California law is clear on the enforceability of assault and battery exclusions in the applicable liability insurance policy, and its "duty to defend does not depend on adjudicated facts but, instead on the Penaranda[] [Defendants'] allegations" pled in their state lawsuit complaint. (Pl.'s Opp'n 8:12-13, 7:24-25.)

The Federal Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

"Based on the permissive nature of the Declaratory Judgment Act, in Brillhart[], the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in a pending state court proceeding.'" R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (alteration in original) (quoting Brillhart, 316 U.S. at 495). "The Court reaffirmed this principle in Wilton, holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present[] opportunit[ies] for ventilation of the same state law issues.'" Id. (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995)).

"In Brillhart, the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding 'needless determination of state law issues'; discouraging 'forum shopping'; and avoiding 'duplicative litigation.'" Id. (citing Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998) (en banc)). Although the Brillhart factors "are not exhaustive," they "remain the philosophical touchstone for the district court." Dizol, 133 F.3d at 1225 n.5, 1225.

### 1. Avoiding Needless Determinations of State Law Issues

The Penaranda Defendants argue resolution of this federal action will require needless determination of state law issues since "[t]here is absolutely no federal law involved." (Mot. to Stay 8:12.) Century Surety counters: "[T]here is no pending state court action in which [its] coverage obligations

4

will be adjudicated." (Pl.'s Opp'n 8:10-12.)

"[I]nsurance law [is] an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011-12." Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1369, 1371 (9th Cir. 1991), overruled in part on other grounds, Dizol, 133 F.3d at 1226. Nevertheless, "[t]here is no presumption in favor of abstention . . . in insurance coverage cases." Dizol, 133 F.3d at 1225. However, abstention is favored when "[t]he precise state law issues at stake in [a federal lawsuit] are the subject of a parallel proceeding in state court." Robsac, 947 F.2d at 1371.

Consideration of the operative complaints in the respective federal and state lawsuits evinces different state law issues are litigated. The state-court complaint seeks damages for alleged tortious conduct, whereas the complaint in this federal lawsuit seeks a declaration that a liability insurance policy excludes certain torts from coverage. Therefore, this factor does not favor staying the action.

### 2. Avoiding Forum Shopping

The Penaranda Defendants argue Plaintiff "could have chosen to bring a declaratory judgment action in El Dorado County Superior Court," where its state lawsuit is pending, but chose to "file[] the present suit in federal court because it perceived a tactical advantage in litigating in the federal forum." (Mot. to Stay 15:2-3, 15:7-8.)

The forum-shopping factor is aimed at "discouraging an insurer from . . . filing a federal court declaratory action to see if it might fare better in federal court at the same time the

insurer is engaged in a state court action." Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999). However, Century Surety is not engaged in a state-court action within the evident ambit of this factor. Therefore, this factor does not weigh in favor of a stay.

### 3. Avoiding Duplicative Litigation

The Penaranda Defendants argue this federal action "turns on factual questions that are the same or overlap with those at issue in the underlying state action"—specifically, "the nature of the alleged claims." (Mot. to Stay 8:26-7, 10:1.) Century Surety counters that its "duty to defend does not depend on adjudicated facts but, instead, on the [Penaranda Defendants'] allegations" pled in the state lawsuit. (Pl.'s Opp'n 7:24-25.)

The duplicative litigation factor favors a stay when "the federal declaratory suit is virtually the mirror image of the state suit." Robsac, 947 F.2d at 1373. This factor involves consideration of whether "factual questions [in this federal lawsuit] . . . overlap with those at issue in the underlying state court litigation." Emps. Reins. Copr. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995), overruled in part on other grounds, Dizol, 133 F.3d at 1226.

The issue in this federal action is whether the liability insurance policy's assault and battery exclusion applies to the allegations pled in the Penaranda Defendants' state-court complaint. This issue does not overlap with the factual issues in the state-court liability lawsuit. Accordingly, this factor does not weigh in favor of a stay.

Since the three Brillhart factors weigh in favor of

allowing the federal action to proceed, the request for a stay under Brillhart is DENIED.

### b. Remaining Stay Argument

The remaining stay arguments are unpersuasive since they are based on the erroneous conclusion that resolution of the federal action depends on resolving factual issues in the state action.

### 4. CONCLUSION

For the stated reasons, the stay motions are DENIED.

Dated: February 21, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge