UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio Corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>MO FOODS, LLC, a limited liability company; MANISH PATEL, an individual; TMPM, LLC, a limited liability company; PRADIP PATEL, an individual, NEHA PATEL, an individual; SEAN CANILOA, an individual; RUBEN MORALES; an individual; WAYNE PERARANDA; an individual; DEBORAH PENARANDA; an individual; and PATRICK PENARANDA; an individual,<br><br>              Defendants. | No.  2:13-cv-01387-GEB-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

       Plaintiff moves for summary judgment on all claims in its Complaint. Specifically, Plaintiff seeks: 1) declaratory relief that Plaintiff owes no obligation under a liability insurance policy to defend or indemnify any Defendant for claims alleged in the lawsuit pending in the Superior Court of California, County of El Dorado, entitled Wayne Penaranda, et al. v. Mo's Place, Inc., et al. (hereinafter referenced as "Penaranda v. Mo's Place"); and 2) recoupment of defense costs hitherto paid

1

in defending that lawsuit.[1] Defendants Mo Foods, LLC and Manish Patel (hereinafter referenced as "the Mo Foods Defendants"), Wayne, Deborah, and Patrick Penaranda (hereinafter referenced as "the Penaranda Defendants"), and TMPM, LLC, Pradip Patel, and Neha Patel each oppose the motion. The pending motion was argued on March 10, 2014.

## I. LEGAL STANDARD

A party seeking summary judgment under Federal Rule of Civil Procedure ("Rule") 56 bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by

---

[1] Plaintiff's unopposed request that judicial notice be taken of the first amended complaint ("FAC") in Penaranda v. Mo's Place is granted. (Req. for Judicial Notice Ex. 1, First Amend. Compl. ("FAC"), ECF No. 31-3.)

2

citing to particular parts of material in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment," . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir.

3

2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)); see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. BACKGROUND

The following allegations in the Penaranda Defendants' FAC in Penaranda v. Mo's Place are germane to decision on the motion:

> 29. . . . MANISH [Patel] and/or one or more BOUNCERS told DEREK [Penaranda] to leave the bar on or around 12:30 a.m., on May 20, 2012. . . . DEREK [Penaranda] said that he needed to pay his tab at the bar first. . . . MANISH [Patel] agreed, and insisted that one or more BOUNCERS escort DEREK to the bar to pay his tab.
>
> 30. . . . MANISH [Patel] was yelling at DEREK [Penaranda] as the two walked toward the bar, with PATRICK [Penaranda] . . . . DEREK [Penaranda] punched MANISH [Patel] and the two fell to the ground.
>
> 31. . . . [A bouncer] immediately grabbed PATRICK [Penaranda].
>
> 32. . . . [A bouncer] pulled DEREK [Penaranda] away from MANISH [Patel], with one arm around DEREK's neck, applying pressure thereto. . . . DEREK's body went limp while [the bouncer] held DEREK around the neck.
>
> . . . .
>
> 49. . . . DEREK [Penaranda] died as a proximate result of the acts of [the bouncers].
>
> 50. . . . PATRICK [Penaranda] suffered [physical injuries].

(FAC ¶¶ 29-32, 49-50.) The Mo Foods Defendants submitted a surveillance video showing approximately five minutes of the above referenced physical interactions. (Not. of Lodging Video

4

Disc, ECF No. 43-5.) The Penaranda Defendants allege the following claims in Penaranda v. Mo's Place: assault, battery, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent hiring and supervision, and wrongful death. (FAC ¶¶ 62-83, 109-10.)

During the time of the above referenced physical interactions, Mo Foods, LLC was insured under a general liability insurance policy (hereinafter referenced as "Insurance Policy") issued by Plaintiff. (Mo Foods' Resp. to Pl.'s Sep. Statement of Undisputed Facts ("Mo Foods' Resp.") ¶ 7, ECF No. 43-1; TMPM's Resp. to Pl.'s Sep. Statement of Undisputed Facts ("TMPM's Resp.") ¶ 7, ECF No. 31-1.) The Insurance Policy includes an exclusion, stating in pertinent part:

> [Plaintiff] shall have no duty to defend or indemnify any claim . . . [or] suit . . . seeking damages . . . where . . . any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(Mo Foods' Resp. ¶ 10; TMPM's Resp. ¶ 10 (hereinafter referenced as "Assault and Battery Exclusion").)

"Mo Foods, LLC, Manish Patel, TMPM, LLC, Pradip Patel, Neha Patel, Sean Caniloa and Ruben Morales all tendered" their defense of Penaranda v. Mo's Place to Plaintiff. (Mo Foods' Resp. ¶ 5; TMPM's Resp. ¶ 5.) "[Plaintiff] accepted the tenders and assumed their defense [but] reserve[ed] its rights to establish the absence of coverage and to obtain reimbursement of defense costs incurred on their behalf." (Mo Foods' Resp. ¶ 6; TMPM's Resp. ¶ 6.)

### III. DISCUSSION

**A. Coverage**

Plaintiff argues, inter alia, it is entitled to summary judgment on its declaratory judgment claim since the "[t]he Penaranda[] [Defendants] allege the incident began when Derek Penaranda committed a battery on Manish Patel by striking him," and therefore the claim is not covered by the policy because the Assault and Battery Exclusion excludes from coverage "a chain of events which includes assault or battery." (Pl.'s Mot. 11:7-8, 14-15, ECF No. 31.)

The Insurance Policy's Assault and Battery Exclusion states that Plaintiff "shall have no duty to defend or indemnify any claim . . . [or] suit . . . seeking damages . . . where . . . any actual or alleged injury <u>arises out of</u> a chain of events which includes . . . battery, regardless of whether the . . . battery is the initial precipitating event or a substantial cause of injury." (Assault and Battery Exclusion (emphasis added).)

The Mo Foods Defendants and the Penaranda Defendants argue the Assault and Battery Exclusion is ambiguous since it does not define the term "battery." Specifically, the Mo Foods Defendants argue "the strictest, criminal definition [of the term must] be applied." (Mo Foods' Opp'n 4:20-21, No. 43.) The Mo Foods Defendants also argue that since the Penaranda Defendants allege "Derek [Penaranda] hit [Manish Patel] prior to any physical contact by agents of the bar," the agents of the bar acted in self-defense, and thus no "claims arise out of any assault or battery." (Id. 5:2-5.)

The Insurance Policy, which is incorporated by

6

reference into Plaintiff's Complaint, does not define the term "battery." (See Decl. of Daniel Mayer in Supp. of Pl.'s Mot. for Summ. J., Ex. 9, p. 31-35 (hereinafter referenced as "Insurance Policy Definitions Section"), ECF No. 31-5.) However, under California case law,

> [i]t has long been established, both in tort and criminal law, that 'the least touching' may constitute battery. In other words[;] *force* against the person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark.

People v. Colantuono, 7 Cal. 4th 206, 214 n.4 (1994) (quoting People v. Rocha, 3 Cal. 3d 893, 899 (1971)). Therefore, the Insurance Policy's lack of definition for the term "battery" does not render the term ambiguous.

Nor does the Insurance Policy define the phrase "arises out of." (See Insurance Policy Definitions Section.) However, under California case law,

> "[a]rising out of" is a broad concept requiring only a "slight connection" or an "incidental relationship" between the injury and the excluded risk. Cont'l Cas. Co. v. City of Richmond, 763 F.2d 1076, 1081 (9th Cir. 1985) [(stating "California courts consistently have adopted broad definitions of . . . 'arising out of'" and collecting cases to that effect)]. Such language "requires [the court] to examine the conduct underlying the . . . lawsuit, instead of the legal theories attached to the conduct." Guaranty Nat'l Ins. Co. v. Int'l Ins. Co., 994 F.2d 1280, 1284 (7th Cir. 1993).

Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co., 42 Cal. App. 4th 121, 127 n.4 (1996); see also Southgate Recreation & Park Dist. v. Cal. Ass'n Park & Recreation Ins., 106 Cal. App. 4th 293, 301 (2003) ("As this court has noted, the

7

"'arising out of' connective . . . broadly links' the exclusionary operative events with the exclusion." (citing State Farm Fire & Cas. Co. v. Salas, 222 Cal. App. 3d 268, 274 n.4 (1990))).

The following allegations in the Penaranda Defendants' FAC in Penaranda v. Mo's Place are germane to whether the "alleged injur[ies] ar[o]se[] out of a chain of events which includes . . . battery." (Assault and Battery Exclusion.)

> 29. . . . MANISH [Patel] and/or one or more BOUNCERS told DEREK [Penaranda] to leave the bar on or around 12:30 a.m., on May 20, 2012. . . . DEREK [Penaranda] said that he needed to pay his tab at the bar first. . . . MANISH [Patel] agreed, and insisted that one or more BOUNCERS escort DEREK to the bar to pay his tab.
>
> 30. . . . MANISH [Patel] was yelling at DEREK [Penaranda] as the two walked toward the bar, with PATRICK [Penaranda] . . . . DEREK [Penaranda] punched MANISH [Patel] and the two fell to the ground.
>
> 31. . . . [A bouncer] immediately grabbed PATRICK [Penaranda].
>
> 32. . . . [A bouncer] pulled DEREK [Penaranda] away from MANISH [Patel], with one arm around DEREK's neck, applying pressure thereto. . . . DEREK's body went limp while [the bouncer] held DEREK around the neck.
>
> . . . .
>
> 49. . . . DEREK [Penaranda] died as a proximate result of the acts of [the bouncers].
>
> 50. . . . PATRICK [Penaranda] suffered [physical injuries].

(FAC ¶¶ 29-32, 49-50.)

The Penaranda Defendants have alleged that Derek Penaranda's battery on Manish Patel precipitated each bouncer's

respective physical interaction or interactions with Derek and/or Patrick Penaranda. Therefore, the "alleged injur[ies]" to Derek and Patrick Penaranda "ar[o]se[] out of a chain of events which includes . . . battery." (Assault and Battery Exclusion.) Accordingly, the Insurance Policy's Assault and Battery Exclusion prescribes that Plaintiff "ha[s] no duty to defend or indemnify any claim" in Penaranda v. Mo's Place. (Id.) Therefore, this portion of the motion is granted.

### B. Concurrent Cause Doctrine

Nevertheless, Defendants argue that Plaintiff must continue defending Penaranda v. Mo's Place under the concurrent cause doctrine since the Penaranda Defendants' claims include negligence, which is a liability theory that the Assault and Battery Exclusion does not specifically exclude from coverage. Under the concurrent cause doctrine, "when two . . . risks constitute concurrent proximate causes of an accident [or injury], the insurer is liable so long as one of the causes is covered by the policy." State Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal. 3d 94, 102 (1973) (emphasis added). Here, the concurrent cause doctrine is inapposite since the Assault and Battery Exclusion excludes from coverage not just certain causes of injury, but certain injuries themselves—specifically, "any actual or alleged injury [that] arises out of a chain of events which includes assault or battery." (Assault and Battery Exclusion.) Therefore, the concurrent cause doctrine does not provide a basis for coverage. See also 101 Ocean Condo. Homeowners Ass'n v. Century Sur. Co., 407 Fed. App'x 129, 131 (9th Cir. 2010) (holding that where an insurance policy excluded

9

from coverage "any actual or alleged injury aris[ing] out of a chain of events which includes assault or battery, regardless of whether assault or battery is the initial or precipitating event or a substantial cause of injury," the insurance company would have no duty to defend an otherwise-covered false imprisonment claim since "that injury would have arisen out of a chain of events that included an assault or battery").

### C. Recoupment

Plaintiff also argues it is entitled to summary judgment on its recoupment claim since it "expressly reserved the right to seek recoupment of defense costs if it were determined that no defense was owed," and "there [is] no potential for coverage of the Penarandas' claims." (Pl.'s Mot. 12:18-20.)

"California law clearly allows insurers to be reimbursed for attorney's fees' and other expenses 'paid in defending insureds against claims for which there was no obligation to defend.'" Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 659-60 (2005) (quoting Buss v. Super. Ct., 16 Cal. 4th 35, 50-51 (1997)). Since Plaintiff has no obligation to defend any party in Penaranda v. Mo's Place, this portion of Plaintiff's motion is also granted.

### IV. CONCLUSION

For the stated reasons, Plaintiff's summary judgment motion is granted. Further, Plaintiff shall file a proposed judgment and a separate document in which it explains its recoupment calculations and conclusions no later than seven days after the date on which this order is filed. Objections, if any, shall be filed no later than seven days after Plaintiff's

proposed judgment and separate document is filed. Plaintiff may reply to any objection within five days after it is filed.

Dated: April 23, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge